ACCEPTED
07-15-00154-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
8/31/2015 10:39:11 AM
Vivian Long, Clerk

**DAVID A. ESCAMILLA**
COUNTY ATTORNEY

STEPHEN H. CAPELLE
FIRST ASSISTANT

JAMES W. COLLINS
EXECUTIVE ASSISTANT



314 W. 11TH, STREET
GRANGER BLDG., SUITE 300
AUSTIN, TEXAS 78701

P. O. BOX 1748
AUSTIN, TEXAS 78767
(512) 854-9415

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
8/31/2015 10:39:11 AM
VIVIAN LONG
CLERK

31 August 2015

The Honorable Vivian Long
Clerk, Seventh Court of Appeals
Post Office Box 9540
Amarillo, Texas 79105-9540

> *Re: Schlapper v. The State of Texas*
> Appellate cause 07-15-00154-CR
> Trial Cause No. C-1-CR-13-153034
> **State's Letter Brief**

Dear Ms. Long:

This is a defense appeal from a conviction for criminal trespass, alleged to have been committed on August 16, 2013. After finding Schlapper guilty, the trial court assessed punishment. On February 12, 2015, the court sentenced her to 45 days in jail and a $2,000 fine, but suspended imposition of this sentence and placed Schlapper on community supervision for nine months, conditioned upon her receiving counseling and treatment. CR 49–50. Schlapper gave notice of appeal on March 11, 2015. CR 53.

### Factual background

Schlapper owns a landlocked lot on Chipmonk Road, near Lake Travis, in Travis County, Texas. She has an easement over Crosswater Yacht Club's (Crosswater) property up to the 670 M.S.L. contour line "solely for the purpose of ingress and egress from Chipmonk Road to

Lake Travis, Travis County, Texas." 4 RR State's Exhibit #1. State's Exhibit #1 is a 2006 take-nothing judgment against Schlapper, and sets out the easement's exact boundaries. State's Exhibit #2, a 2012 amended order granting a joint motion for sanctions against Schlapper, details the history of Schlapper's numerous bad-faith lawsuits claiming title to Crosswater's property, and the multiple adverse orders against her regarding this very matter. 4 RR State's Exhibit #2. The 2012 order directed Schlapper to refrain from filing further pleadings claiming an interest in the marina's property, and ordered her to pay Crosswater's attorney's fees.

By late summer of 2013, the water in Lake Travis had receded to the 623 contour line, almost 50 vertical or sea-level feet from the 670 contour line, where Schlapper's easement ended. 2 RR 17; 4 RR State's Exhibit #1. Crosswater owned the land below the 670 contour line. 2 RR 50.

Probably sometime in July of 2013, Schlapper installed a makeshift boat dock significantly below the 670 contour line, on Crosswater property. 4 RR State's Exhibits #9 through 15 (photographs). On July 26th, the marina owner's lawyer sent Schlapper a letter, giving her fifteen days to remove the offending dock. 4 RR State's Exhibit #16. Fifteen days came and went, and the dock remained on Crosswater land.

The 2013 criminal-trespass that is the subject of this appeal is simply the next chapter in the saga. On August 16, 2013, the Crosswater manager encountered Schlapper at the dock, despite Crosswater's numerous "no trespassing" signs. 2 RR 18, 71; 4 RR State's Exhibits # 6, 7, 8. The manager asked her to leave. Schlapper responded by telling the manager to leave because he was trespassing on her property. 2 RR 19. The manager called the police. When a sheriff's deputy arrived,

2

Schlapper was standing by the dock with fishing gear. She told him she was fishing, and that she had a legal right to be there because she had access to the water from her own property. 2 RR 77.

### Schlapper's legal-insufficiency contentions.

In a single point of error, Schlapper contends that the evidence is legally insufficient to prove the information's allegations. The information alleged that

> CYNTHIA SCHLAPPER, the Defendant, on or about August 16, 2013, did then and there intentionally and knowingly enter on the property of another, without the effective consent of another, to wit: D. Gibson, and the Defendant did then and there have prior notice that entry there was forbidden[.]

CR 9. Schlapper specifically contends that the State failed to prove that her entry was without Detective Gibson's consent. Under the criminal trespass statute, "a person commits an offense if the person enters or remains on or in property of another [. . .] without effective consent and the person: (1) had notice that entry was forbidden; or (2) received notice to depart but failed to do so." TEX. PENAL CODE §30.05(a)(1)–(2) (West Supp. 2014).

The evidence shows that Roland Adams, the Crosswater Yacht Club manager, testified that he had given Detective Gibson permission to act on his behalf and that Gibson had "a greater right to being on [Adam's] property than the defendant." 2 RR 28.

### The State confesses error.

The evidence does not show, however, that Schlapper entered without Gibson's consent. The trial evidence shows that Detective

3

Gibson did not become involved in the case until after the offense was committed. The State unnecessarily increased its own burden in this case by alleging "without the effective consent *of another, to wit: D. Gibson.*" The law requires that the allegation of Gibson as the non-consenting "other" must be proven as alleged, even though it was needlessly stated. *Curry v. State,* 30 S.W.3d 394, 398 (Tex. Crim. App. 2000) (citing *Upchurch v. State,* 703 S.W.2d 638, 641 (Tex. Crim. App. 1985)).

Because the State's information modified the "effective consent" element to increase its burden of proof, and because the prosecution failed to prove that modification at trial, the State concedes that the evidence is legally insufficient to sustain the judgment. *See Curry v. State,* 30 S.W.3d at 398. Therefore, on behalf of the people of the State of Texas, the Travis County Attorney reluctantly joins the appellant in asking the Court to reverse and render a judgment of acquittal. While this result hardly seems just given the aggravating facts and circumstances surrounding this case, the State believes that binding precedent nevertheless compels it.

Respectfully submitted,

DAVID A. ESCAMILLA
TRAVIS COUNTY ATTORNEY

Giselle Horton
Assistant Travis County Attorney
State Bar Number 10018000

4

Post Office Box 17487
Austin, Texas 78767
Telephone: (512)854-9415
TCAppellate@traviscountytx.gov

ATTORNEYS FOR THE STATE OF TEXAS

**CERTIFICATE OF COMPLIANCE**

Relying on Corel WordPerfect's word-count function, I certify that this document complies with the word-count limitations of TEX. R. APP. P. 9.4. The document contains 1,053 words.

_____
Giselle Horton

**CERTIFICATE OF SERVICE**

I certify that I have sent a complete and legible copy of this State's Brief via electronic transmission, to Ms. Schlapper's attorney of record, Mr. Dal R. Ruggles, at dal@ruggleslaw.com, on or before August 31, 2015.

_____
Giselle Horton
Assistant Travis County Attorney